UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CELEDONIA CRUZ,

    PLAINTIFF,

v.

ELMER A. TOLIVER and GENEVIEVE TOLIVER,

    DEFENDANTS.

CIVIL ACTION NO. 5:04-CV-231-R

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Dr. Elmer Toliver and Genevieve Toliver (incorrectly named in the complaint as "Genevie" Toliver), by counsel, submit the following memorandum in support of their motion to dismiss the complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P.

### INTRODUCTION

On December 3, 2004, plaintiff Celedonia Cruz filed this lawsuit against defendants, alleging that they used a shadowy human trafficking network to lure her to the United States from the Philippines. Ms. Cruz alleges that once she was living at their home in Paducah, the defendants subjected her to "virtual enslavement" for more than three years. Complaint ¶¶ 1, 9. According to Ms. Cruz, the defendants gave her no time off, paid her less than she was promised, and used various threats to keep her from leaving. Ms. Cruz now alleges that defendants are liable to her under numerous federal statutes and common law causes of action. *Id.* at ¶¶ 33-46.

Assuming for the purposes of this motion that Ms. Cruz's allegations are true, which they are not, the complaint is terminally defective and this Court should dismiss it for several reasons. First, Ms. Cruz's complaint chiefly relies upon federal statutes and constitutional provisions for

which there is no private cause of action, and thus Counts I, IV, V, VI, VII and IX should be dismissed for failure to state actionable claims.  Second, Ms. Cruz's purported breach of contract claim in Count X is inadequately pled and is barred by Kentucky's statute of frauds.  Third, Ms. Cruz's fraud claim is not pleaded with the detail required by Rule 9(b), Fed. R. Civ. P., and Count XIV should be dismissed.  Finally, Ms. Cruz has failed to allege the requisite elements of a claim of intentional infliction of emotional distress, and Count XIII should be dismissed.

## ARGUMENT

### A. The Federal Statutes Upon Which Plaintiff Bases Her Claims Do Not Authorize Private Causes of Action.

The plaintiff alleges that the defendants' violated a number of federal laws.  However, "the mere 'fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.'"  *Marx v. Centrain Corp.*, 747 F.2d 1536, 1544 (6th Cir. 1985) (quoting *Cannon v. University of Chicago*, 441 U.S. 677, 688 (1979)).  The critical question is whether Congress intended that a particular party be able to bring suit under a federal statute.  *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 377, 72 L. Ed. 2d 182, 102 S. Ct. 1825 (1982) ("our focus must be on the intent of Congress")  The plain terms of the statutes plaintiff cites in her complaint make it clear that Congress did not intend to provide for private causes of action.

The centerpiece of the complaint is plaintiff's purported claim against the defendants under the Victims of Trafficking and Violence Protection Act of 2000, 22 U.S.C. § 7101, et seq. (the "Trafficking Act").  *See* Complaint ¶¶ 1, 4, 7-8, 33.  According to plaintiff, defendants' conduct constitutes a "Severe Form of Trafficking in Persons pursuant to 22 U.S.C. § 7102(8)(b) for which Ms. Cruz has a private cause of action."  Complaint ¶ 33.  The problem with this theory is that the Victims of Trafficking Act does not authorize private lawsuits based upon

violations of the act.

Congress authorized only the Executive Branch to enforce the Victims of Trafficking Act. *See* 22 U.S.C. § 7108 (providing that the President may exercise the powers conferred under the Act); 22 U.S.C. § 7109 (providing for sentencing enhancements for persons convicted of violating the Act). The portion of the statute plaintiff cites, section 7102(8), defines "severe" trafficking in persons to include subjecting a person to involuntary servitude or debt bondage through "force, fraud or coercion." However, this subsection does not authorize a private lawsuit by an individual subjected to such conduct. Nor does any other provision within the Victims of Trafficking Act, which mainly is designed to provide benefits and services to victims of human trafficking. *See* 22 U.S.C. § 7105(b)(1)(A) ("an alien who is a victim of a severe form of trafficking in persons shall be eligible for benefits and services...."). Because the cited provisions of the Victims of Trafficking Act do not authorize a private cause of action, the plaintiff does not state an actionable claim under this statute, and Count I should be dismissed.

The same problem—lack of a private remedy—undercuts Counts IV-VII, which purport to state claims under the Peonage, Slavery and Trafficking in Persons Act ("Peonage Act"). The Peonage Act is primarily a criminal statute and provides that violators of the Act may be fined or imprisoned. *See, e.g.* 18 U.S.C. § 1592(a)(3) (providing for five years imprisonment for violators). The civil remedy provision of this Act, 18 U.S.C. § 1595, provides that an individual may bring a private suit for violation of "sections 1589, 1590, or 1591 of this chapter." Plaintiff's Counts IV (involuntary servitude under § 1581), Count V (peonage under § 1581) and Count VI (Document Servitude under § 1592) are not among the sections listed within the civil remedy provision, and thus do not state actionable claims.

Likewise, plaintiff's Conspiracy Against Rights claim in Count VII should be dismissed

because, as several courts have recognized, 18 U.S.C. § 241 is a criminal statute and does not provide for any private civil cause of action. *See Newcomb v. Ingle*, 827 F.2d 675, 677 n.1 (10th Cir. 1987) (noting § 241 does not authorize a private right of action); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (same); *see generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law).

Plaintiff's Thirteenth Amendment claim in Count IX is similarly flawed. Federal courts have uniformly held that a private cause of action may not be brought directly under the Thirteenth Amendment. *See, e.g. Holland v. Bd. of Trustees of Univ. of Dist. of Columbia*, 794 F. Supp. 420, 424 (D.D.C. 1992); *Baker v. McDonald's Corp.*, 686 F. Supp. 1474, 1480 n.12 (S.D. Fla. 1987); *Sanders v. A. J. Canfield Co.*, 635 F. Supp. 85, 87 (N.D. Ill. 1986).

Nor should Counts IV-VII and IX survive this motion on the basis of "implied" private causes of action. Federal courts have recognized that federal statutes may implicitly authorize private causes of action only in rare circumstances, such as that in *Bivens*, where the Supreme Court recognized an implied cause of action for damages against federal officers alleged to have violated a citizen's constitutional rights. *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). After deciding *Bivens*, the Court has "retreated from our previous willingness to imply a cause of action where Congress has not provided one." *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 67 n.3 (2001). In light of the Court's recent reluctance to imply new private remedies absent Congressional authorization, it is exceedingly unlikely that the Court would approve of the package of new remedies plaintiff attempts to assert in this case.

In sum, Complaint Counts I, IV-VII and IX attempt to assert claims for which there is no express or implied remedy. Those counts accordingly fail to state a claim upon which relief can be granted and should be dismissed.

B.  **Plaintiff's Breach of Contract Claim Does Not Identify A Contract Between the Defendants and Ms. Cruz and Any Purported Contract Is Barred by the Kentucky Statute of Frauds.**

Count X purports to assert a breach of contract claim based upon the defendants' alleged breach of an oral contract with Ms. Cruz. This claim should be dismissed for two reasons. First, the only agreement mentioned in the complaint is an alleged arrangement between "Enpang," a purported recruiter living in the Philippines, and Ms. Cruz. Complaint ¶ 10. There was no offer of employment extended by defendants, thus there was no contract formed between the defendants and Ms. Cruz.

Second, the alleged arrangement between Enpang and Ms. Cruz was for a term of employment to last between three and five years. After working for the defendants for three years, Ms. Cruz alleges, Enpang promised that she would no longer owe any money for her airline ticket to the United States. *Id.* Enpang allegedly promised that at the end of five years, defendants would pay Ms. Cruz "an unspecified bonus and supply her with a return ticket to the Philippines." Under Kentucky law, contracts that cannot be performed within one year must be in writing and must be signed. KRS 371.010. Because the alleged oral contract hinged upon payoffs achievable only after three or five years of employment, it could not be performed within one year. Accordingly, the oral contract violates the Statute of Frauds and is unenforceable. For this reason, Count X should be dismissed.

C.  **Plaintiff's Fraud Claim is Inadequately Pleaded.**

Count XIV of the complaint asserts that the defendants committed fraud by having their alleged "agent" Enpang make false promises to Ms. Cruz. This claim should be dismissed because it is inadequately specific and does not comport with the dictates of Rule 9(b), Fed. R. Civ. P.

The complaint does not allege that defendants' alleged misrepresentations were made upon a particular date—or even within a general time period. Courts within this Circuit have held that the failure to adequately state when an alleged misrepresentation was made violates the requirements of Rule 9(b). *See Krear v. Malek*, 961 F. Supp. 1065, 1070 n.5 (E.D. Mich. 1997) (where plaintiff alleges that defendant made misrepresentations over a period of months, plaintiff has not pled with specificity the time of the alleged representation). In this case, the complaint alleges that the misrepresentations occurred, and that Ms. Cruz relied to her detriment upon Enpang's false promises, but fails to allege when the misrepresentation purportedly happened. Absent any information concerning the relevant time period, plaintiff's fraud claim is insufficient to put defendants on notice as to when they allegedly made the misrepresentations. Count XIV should be dismissed accordingly.

### D.    Plaintiff's Intentional Infliction of Emotional Distress Claim Should Be Dismissed.

Finally, Ms. Cruz's claim of intentional infliction of emotional distress must be dismissed because she has not alleged and cannot demonstrate the existence of the essential elements of the claim. The Kentucky Supreme Court has set forth the elements necessary for the tort of intentional infliction of emotional distress or outrage:

1. The wrongdoer's conduct must be intentional or reckless;

2. The conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality;

3. There must be a causal connection between the wrongdoer's conduct and the emotional distress; and

4. The emotional distress must be severe.

*Kroger v. Willgruber*, 920 S.W.2d 61, 65 (Ky. 1996) (quoting from *Craft v. Rice*, 671 S.W.2d 247, 249 (Ky. 1984)). The tort is not available for "petty insults, unkind words and minor indignities," nor is it available "to compensate for behavior that is 'cold, callous and lacking sensitivity.'" *Osborne v. Payne*, 31 S.W.3d 911, 914 (Ky. 2000) (citations omitted). "Rather, it is intended to redress behavior that is truly outrageous, intolerable and which results in bringing one to [her] knees." *Id.*

Count XIII fails to allege any facts supporting the claim that Ms. Cruz suffered "severe" emotional distress as a result of the defendants' conduct. There are no allegations concerning any physical manifestations of emotional distress, and there is no allegation that Ms. Cruz required or sought the services of mental health professionals. Because the complaint fails to adequately allege facts tending to establish that Ms. Cruz's emotional distress is "severe," Count XIII is facially deficient and should be dismissed.

## CONCLUSION

For the foregoing reasons, the complaint should be dismissed.

_____
J. David Boswell
BOSWELL SIMS & VASSEUR, PLLC
425 South Sixth Street
Paducah, KY 42002-1265
Telephone: (270) 442-9237

Douglass Farnsley
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400

CO-COUNSEL FOR DEFENDANTS