UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04CV-231-R

CELDONIA CRUZ                                                                                              PLAINTIFF

v.

ELMER A. TOLIVER, ET AL.                                                                         DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on Defendants' Motion to Dismiss (Dkt. # 4). Plaintiff has responded (Dkt. # 7), and Defendants have replied (Dkt. #8). For the reasons that follow, Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part**.

**BACKGROUND**

Plaintiff Celdonia Cruz alleges in a 14-Count complaint that the Defendants, Elmer A. Toliver and Genevie A. Toliver ("the Tolivers"), kept her in "virtual enslavement" by "intimidation, confiscation of her passport, isolation from society, abuse of and threats of abuse of the legal process and other tools of coercion." Ms. Cruz is a citizen of the Phillippines. She claims that Defendants paid an agent named "Enpang" $8,000 to recruit her to come to the United States to work them as a domestic servant.

Ms. Cruz claims that Enpang promised that she would be paid $500 per month to be a domestic servant for the Tolivers and their two children, but she was only paid $250 per month. After she starting working for the Tolivers, Ms. Cruz was informed that Ms. Toliver was pregnant with a third child. When the child was born, Ms. Cruz received a $50 per month raise.

Ms. Cruz alleges that she worked approximately 18 hours per day, seven days a week, for 52 weeks per year doing domestic work and even working on a farm in Illinois. To recruit Ms. Cruz

1

to become employed with the Tolivers, Enpang allegedly promised Ms. Cruz that after working for the Tolivers for three years they would forgive the debt she owed them for her airline ticket to the United States. Also, Enpang allegedly promised on behalf of the Tolivers that they would give her an unspecified bonus and an airline ticket back to the Phillippines after she had worked five years. Ms. Cruz alleges that she was not given time off except to go to church, but later she was expected to go to church with the Tolivers so she could help with the children. Ms. Cruz claims that the Tolivers sent her wages to her family in the Phillippines after deducting "expenses incurred as a result of Ms. Cruz's presence in [their] house."

Ms. Cruz alleges that the Tolivers kept her from leaving her employment by 1) taking Ms. Cruz's passport and locking it up; 2) threatening to have her arrest if she left their house; 3) threatening to accuse her of theft; 4) telling her she could not leave until she had worked for them five years; 5) limiting her contact with anyone outside the household; and 6) monitoring her telephone conversations.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion

to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

Ms. Cruz has filed a 14-Count complaint. As an initial matter, Ms. Cruz agrees that Count IV violation of 18 U.S.C. § 1584 and Count VII violation of 18 U.S.C. § 241 should be dismissed. Therefore, these claims are dismissed.

**Private causes of action**

In Count I, Ms. Cruz alleges that the Tolivers' conduct constituted a violation of the Victims of Trafficking and Violence Protection Act of 2000, 22 U.S.C. § 7101, et seq. In Counts V and VI, Ms. Cruz alleges violations of 18 U.S.C. § 1581 and § 1592, respectively. The Tolivers argue that these claims should be dismissed because Congress has not provided for a private remedy for violations of these acts.

"[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Gozlon-Peretz v. United States*, 498 U.S. 395, 404 (1991). Here, Congress specifically provided for private causes of action under § 1589, § 1590, and § 1591, but omitted a private cause of action for § 1581 and § 1592. 18 U.S.C. § 1595. Therefore, if Congress had wanted to enact a private cause of action for § 1581 and § 1592, it would have written it into § 1595 like it did for § 1589, § 1590, and § 1591.

Ms. Cruz argues that she has an implied cause of action under 18 U.S.C. § 1581 and § 1592

and 22 U.S.C. § 7101, *et seq.* This court must inquire "whether Congress, expressly or by implication, intended to create a private cause of action." *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299 (6th Cir. 2000) (noting that the four factor test in *Cort v. Ash*, 422 U.S. 66, 78 (1975) had been overruled by implication). Again, Congress could have enacted a private cause of action for § 1581 and § 1592 in § 1595 but failed to do so. *See also Weiss v. Sawyer*, 28 F. Supp. 2d 1221, 1227 (W.D. Okla. 1997)(recognizing that no private cause of action exists for § 1581); *Dolla v. Unicast Co.*, 930 F. Supp. 202, 205 (E.D. Pa. 1996)(same). Therefore, it appears Congress did not intend a private right of action. Under 22 U.S.C. § 7105(b)(1)(A), the statute states that it was intended to provide benefits and services for persons who were victims, but it does not state that it provides private legal recourse nor does it imply such intent. Therefore, Counts I, V, and VI are dismissed because the statutes do not provide for a private cause of action.[1]

**Thirteenth Amendment**

Ms. Cruz claims that she has a private cause of action for violations of the Thirteenth Amendment under 42 U.S.C. § 1985(3). In a recent case, the Sixth Circuit Court of Appeals has explained what must be shown to state a 42 U.S.C. § 1985(3) claim:

> Section 1985(3) prohibits a conspiracy "for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws." 42 U.S.C. § 1985. To prevail on a § 1985(3) claim, one must prove " '(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.' " *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29, 103 S. Ct. 3352, 77 L.Ed.2d 1049 (1983)).

---

[1] No reported Federal case has allowed a private cause of action under 22 U.S.C. § 7102, 18 U.S.C. § 1581 or § 1592.

> Moreover, the Supreme Court has stated that "[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 29 L. Ed.2d 338 (1971).

*Radvansky v. City of Olmsted Falls*, 395 F.3d 129 (6th Cir. 2005). Ms. Cruz has not alleged any racial or class based animus. Therefore, this claim must be dismissed.

**Intentional Infliction of Emotional Distress**

Ms. Cruz alleges a claim of intentional infliction of emotional distress. To establish intentional infliction of emotional distress: "the wrongdoer's conduct must be intentional or reckless; the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; there must be a causal connection between the wrongdoer's conduct and the emotional distress and the distress suffered must be severe." *Osborne v. Payne*, 31 S.W.3d 911, 913-14 (Ky. 2000). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1, 3 (Ky. 1990). Intentional infliction of emotion distress is more than "petty insults, unkind words and minor indignities" or "behavior that is cold, callous and lacking sensitivity." *Osborne*, 31 S.W.3d at 914.

When other traditional torts are stated and emotional injuries are recoverable, the tort of intentional infliction of emotional distress or outrage is not actionable unless defendant's conduct was intended solely to cause extreme emotional distress. *Banks v. Fritsch*, 39 S.W.3d 474, 481 (Ky. Ct. App. 2001). Unlike in *Banks*, Ms. Cruz has alleged no common law torts. At this point in the proceedings, it is premature to allow Ms. Cruz's claim for intentional infliction of emotional distress

to be dismissed solely on the basis that she has other statutory claims where emotional distress may be part of the damages.

**Breach of Contract**

Ms. Cruz alleges a breach of contract claim. Her employment contract was that she would work for $500 per month (Dkt. # 1). If Ms. Cruz worked for three years, she would not owe for her airline ticket to the United States (Id.). Further, if Ms. Cruz worked for five years, the Tolivers would pay her an unspecified bonus and a return airline ticket to the Philippines (Id.). Defendants argue that this claim should be dismissed because it falls within the Statute of Frauds as being a contract not capable of being performed within a year. Ky. Rev. Stat. Ann. § 371.010(7).

Ms. Cruz's claim may be subject to a Statute of Frauds defense, but her claim should not be dismissed because she has performed and could still recover in quantum meruit. *See Salyers v. Kenmont Coal Co.,* 11 S.W.2d 705, 707 (Ky. Ct. App. 1928). Clearly, Ms. Cruz's claim to the three year bonus or the five year bonus is not enforceable because a contract for either bonus is not capable of being performed within one year. *See generally Cumberland & M.R. Co. v. Posey*, 244 S.W. 770 (Ky. Ct. App. 1922). It is not clear from the complaint whether Ms. Cruz's employment with the Tolivers would cease after five years or whether her contract for employment was for an indefinite term. Construing the complaint in a light favorable to Ms. Cruz, her employment appears to be for an indefinite term and as such was not within the Statute of Frauds. *See Salyers*, 11 S.W.2d at 708.

**Fraud**

Ms. Cruz's fraud claim has been pled with enough specificity and is not dismissed at this time. Her claim includes an approximate time, when she actually arrived on June 15, 2001, for

completing the Ms. Cruz's employment negotiations. Ms. Cruz allegation among other things alleges that Enpang, the Tolivers' agent, promised that the Tolivers would pay her $500 per month and she received only $250.

## CONCLUSION

Defendants' Motion to Dismiss (Dkt. # 4) is **GRANTED in part** and **DENIED in part**. Counts I, IV-VII, and IX of the complaint are dismissed.