UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:04-CV-231-R

'05 AUG 12 A11:40



FILED
US DISTRICT
WESTN DIST KENTUC..

**CELDONIA CRUZ**  **PLAINTIFF**

VS.  **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

**ELMER A. TOLIVER AND**
**GENEVIEVE TOLIVER**  **DEFENDANTS**

The Defendants, Elmer A. Toliver and Genevieve A. Toliver, for their Answer to the Plaintiff's First Amended Complaint state as follows:

### FIRST DEFENSE

1. In response to paragraph 1 of Plaintiff's First Amended Complaint, the Defendants re-aver as if set forth again in full each and every denial, admission and affirmative defense asserted in Defendants' answer in response to paragraphs 1 through 32 of the original Complaint.

2. The Defendants admit that Plaintiff is a woman and a native of the Philippines and deny all other allegations of paragraphs 2 and 3 of the First Amended Complaint.

3. The Defendants deny all allegations of paragraphs 4, 5 and 6 of the First Amended Complaint.

4. The Defendants reiterate as if set forth in full each and every denial and affirmative defense set forth in their Answer to the Complaint in response to paragraphs 34, 35, 40, 42, 43, 45 and 46 of the Complaint, which are incorporated into paragraph 7 of Plaintiff's First Amended Complaint.

5. The Defendants plead the previous order of the court dismissing paragraph 41, Count IX, of the Complaint as a bar to the assertion of such claim in paragraph 7 of the First Amended Complaint. The Defendants deny the allegations of paragraph 41 of the Complaint.

6. The Defendants deny the allegations contained in Count XII of the First Amended Complaint.

7. Defendants deny any allegations of the Complaint and First Amended Complaint not explicitly admitted herein or in their Answer previously filed.

### SECOND DEFENSE

Defendants did not employ Plaintiff.

### THIRD DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### FOURTH DEFENSE

To the extent the Complaint asserts a claim of fraud against Defendants, it fails to state the claim with particularity as required by Rule 9(b), Fed. R. Civ. P.

### FIFTH DEFENSE

Plaintiff's breach of contract claim is barred by the statute of frauds.

### SIXTH DEFENSE

Plaintiff's Complaint is barred by the equitable doctrines of waiver, estoppel and laches.

### SEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which punitive damages may be awarded.

Plaintiff's claim for punitive damages is barred by KRS 411.184, KRS 411.186, and applicable provisions of the United States Constitution and the Constitution of the Commonwealth of Kentucky.

The imposition of punitive or exemplary damages against Defendants would violate their constitutional rights under the Due Process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States, Excessive Fines clause of the Eighth Amendment to the Constitution of the United States, Double Jeopardy clause of the Fifth Amendment to the Constitution of the United States, Article 1, Section 3 and other provisions in the Kentucky Constitution and/or other common law and public policies of Kentucky and/or other applicable statutes and/or court rules. In this litigation, punitive damages would be inappropriate in circumstances including but not limited to:

(a) Imposition of such punitive damages by a jury which: (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of such a punitive damages award; (2) is not adequately and clearly instructed on the limits of punitive damages imposed by the principles of deterrents and punishments; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of discriminatory characteristics, including the corporate status, wealth, or state of residence of the defendant; (4) is permitted to award punitive damages under a standard for determining liability for such damages which is arrogant, arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and (5) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards.

(b) Imposition of such punitive damages, and a determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent.

(c) Imposition of such punitive damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence.

(d) Imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of the Defendants has been found on the merits.

(e) Imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Defendants' conduct alleged in this litigation, or in any other ways subjecting Defendants to impermissible multiple punishments for the same alleged wrong.

## EIGHTH DEFENSE

Plaintiff's claim for attorneys' fees fails to state a claim upon which relief may be granted.

## NINTH DEFENSE

Because she has alleged that she was Defendants' domestic servant, Plaintiff's entire claim under the Kentucky Fair Labor Standards Act fails to state a claim upon which relief may be granted.

## TENTH DEFENSE

Because she has alleged that she was Defendants' domestic servant, Plaintiff's claim for overtime wages under the Federal Fair Labor Standards Act fails to state a claim upon which relief may be granted.

### ELEVENTH DEFENSE

Because she received the equivalent of minimum wage in cash, room, board and benefits, Plaintiff's minimum wage claim under the Federal and Kentucky Fair Labor Standards Act fails to state a claim upon which relief may be granted.

### TWELFTH DEFENSE

The Defendants plead the provisions of 29 U.S.C.A., §260, as a bar to the Plaintiff's claim for liquidated damages against the Defendants as all acts of the Defendants in regard to Plaintiff were carried out in good faith and the Defendants had reasonable grounds for believing that they were not violating any statute or law in their relationship with the Plaintiff.

### THIRTEENTH DEFENSE

The Defendants plead the provisions of 29 U.S.C.A., §255, as a bar to any claims asserted by the Plaintiff for damages for unpaid minimum wages, unpaid overtime compensation or liquidated damages under the Fair Labor Standards Act of 1938, as amended, that did not accrue within the applicable time for assertion of such claims before the date Plaintiff's Complaint was filed.

### FOURTEENTH DEFENSE

The Defendants plead all applicable statutes of limitation as a bar to Plaintiff's Complaint.

### FIFTEENTH DEFENSE

Defendants reserve the right to assert any and all affirmative defenses not now known to them, but which may become available during the course of discovery.

**WHEREFORE,** the Defendants demand:

1. Dismissal of the First Amended Complaint in its entirety with prejudice;

2. Recovery of all fees and costs expended herein;

3. Reservation of rights to assert counterclaims, cross-claims or third-party claims;

4. Trial by jury on all issues so triable; and,

5. Any and all other relief to which they are entitled.

BOSWELL, SIMS & VASSEUR, PLLC<br>
425 SOUTH SIXTH STREET<br>
P O BOX 1265<br>
PADUCAH KY 42002-1265<br>
(270) 442-9237

_____
J. DAVID BOSWELL
VAN F. SIMS

Douglass Farnsley
Stites & Harbison, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
(502) 587-3400

CO-COUNSEL FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served by mail upon **Hon. Colin H. Lindsay**, Dinsmore & Shohl, LLP, 500 West Jefferson Street, 1400 PNC Plaza, Louisville, KY 40202, on this the _11th_ day of August, 2005.

_____
J. DAVID BOSWELL
VAN F. SIMS