

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

FILED
JEFFREY A. APPERSON, CLERK
MAR 18 2005
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

CELEDONIA CRUZ,

    PLAINTIFF,

v.   CIVIL ACTION NO. 5:04-CV-231-R

ELMER A. TOLIVER and GENEVIEVE TOLIVER,

    DEFENDANTS.

## ANSWER

Defendants, Elmer and Genevieve Toliver, by counsel, answer plaintiff's complaint as follows:

### FIRST DEFENSE

1. With regard to paragraph 1 of the complaint, defendants admit that plaintiff brought this action for damages. Defendants deny the remaining allegations contained in paragraph 1 of the complaint.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 2 of the complaint and, on that basis, deny the allegations therein.

3. Defendants admit the allegations contained in paragraph 3 of the complaint. *ok* [handwritten: residents of McCracken Cty, KY]

4. Paragraph 4 of the complaint states legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations.

5. Defendants lack knowledge or information sufficient to form a belief as to plaintiff's assertions concerning her residency, and, on that basis, deny that portion of paragraph

5. The remaining allegations of paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, defendants deny the remaining allegations of paragraph 5.

6. With regard to paragraph 6 of the complaint, defendants admit that they reside within this judicial district. The remainder of paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations.

7. Paragraph 7 of the complaint states legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations.

8. Paragraph 8 of the complaint states legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations.

9. Defendants deny the allegations of paragraph 9 of the complaint.

10. Defendants deny the allegations of paragraph 10 of the complaint.

11. Defendants deny the allegations of paragraph 11 of the complaint.

12. Defendants deny the allegations of paragraph 12 of the complaint.

13. Defendants deny the allegations of paragraph 13 of the complaint.

14. Defendants deny the allegations of paragraph 14 of the complaint.

15. Defendants deny the allegations of paragraph 15 of the complaint.

16. Defendants deny the allegations of paragraph 16 of the complaint.

17. Defendants deny the allegations of paragraph 17 of the complaint.

18. Defendants deny the allegations of paragraph 18 of the complaint.

19. Defendants deny the allegations of paragraph 19 of the complaint.

20. Defendants deny the allegations of paragraph 20 of the complaint.

21. Defendants deny the allegations of paragraph 21 of the complaint.

22. Defendants deny the allegations of paragraph 22 of the complaint.

23. Defendants deny the allegations of paragraph 23 of the complaint.

24. Defendants deny the allegations of paragraph 24 of the complaint.

25. Paragraph 25 of the complaint states legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations.

26. With regard to paragraph 26 of the complaint, defendants admit that they did not provide health insurance to Ms. Cruz. Defendants deny the remaining allegations of paragraph 26 of the complaint.

27. Defendants deny the allegations of paragraph 27 of the complaint.

28. Defendants deny the allegations of paragraph 28 of the complaint.

29. Defendants deny the allegations of paragraph 29 of the complaint.

30. With regard to paragraph 30 of the complaint, defendants admit that Ms. Cruz left their residence in September 2004. Defendants deny the remaining allegations of paragraph 30 of the complaint.

31. Defendants deny the allegations of paragraph 31 of the complaint.

32. Defendants deny the allegations of paragraph 32 of the complaint.

33. The allegations contained in paragraph 33 of the complaint have been dismissed by order of the Court, thus no response is necessary.

34. Defendants deny the allegations of paragraph 34 of the complaint.

35. Defendants deny the allegations of paragraph 35 of the complaint.

36. The allegations contained in paragraph 36 of the complaint have been dismissed by order of the Court, thus no response is necessary.

37. The allegations contained in paragraph 37 of the complaint have been dismissed by order of the Court, thus no response is necessary.

38. The allegations contained in paragraph 38 of the complaint have been dismissed by order of the Court, thus no response is necessary.

39. The allegations contained in paragraph 39 of the complaint have been dismissed by order of the Court, thus no response is necessary.

40. Defendants deny the allegations of paragraph 40 of the complaint.

41.  The allegations contained in paragraph 41 of the complaint have been dismissed by order of the Court, thus no response is necessary.

42.  Defendants deny the allegations of paragraph 42 of the complaint.

43.  Defendants deny the allegations of paragraph 43 of the complaint.

44.  Defendants deny the allegations of paragraph 44 of the complaint.

45.  Defendants deny the allegations of paragraph 45 of the complaint.

46.  Defendants deny the allegations of paragraph 46 of the complaint.

47.  Defendants deny any allegations of the complaint not explicitly admitted herein.

## SECOND DEFENSE

Defendants did not employ plaintiff.

## THIRD DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief may be granted.

## FOURTH DEFENSE

To the extent the complaint asserts a claim of fraud against defendants, it fails to state the claim with particularity as required by Rule 9(b), Fed. R. Civ. P.

## FIFTH DEFENSE

Plaintiff's breach of contract claim is barred by the statute of frauds.

## SIXTH DEFENSE

Plaintiff's complaint is barred by the equitable doctrines of waiver, estoppel and laches.

TO077:000TO:439114:1:LOUISVILLE

## SEVENTH DEFENSE

Plaintiff's complaint fails to state a claim against defendants upon which punitive damages may be awarded.

Plaintiff's claim for punitive damages is barred by KRS 411.184, KRS 411.186, and applicable provisions of the United States Constitution and the Constitution of the Commonwealth of Kentucky.

The imposition of punitive or exemplary damages against defendants would violate their constitutional rights under the Due Process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States, Excessive Fines clause of the Eighth Amendment to the Constitution of the United States, Double Jeopardy clause of the Fifth Amendment to the Constitution of the United States, Article 1, Section 3 and other provisions in the Kentucky Constitution and/or other common law and public policies of Kentucky and/or other applicable statutes and/or court rules. In this litigation, punitive damages would be inappropriate in circumstances including but not limited to:

(a)     Imposition of such punitive damages by a jury which: (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of such a punitive damages award; (2) is not adequately and clearly instructed on the limits of punitive damages imposed by the principles of deterrents and punishments; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of discriminatory characteristics, including the corporate status, wealth, or state of residence of the defendant; (4) is permitted to award punitive damages under a standard for determining liability for such damages which is arrogant, arbitrary and does not

define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and (5) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards.

(b)     Imposition of such punitive damages, and a determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent.

(c)     Imposition of such punitive damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence.

(d)     Imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of the defendants has been found on the merits.

(e)     Imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than defendants' conduct alleged in this litigation, or in any other ways subjecting defendants to impermissible multiple punishments for the same alleged wrong.

## EIGHTH DEFENSE

Plaintiff's claim for attorneys' fees fails to state a claim upon which relief may be granted.

## NINTH DEFENSE

Because she has alleged that she was defendants' domestic servant, plaintiff's entire claim under the Kentucky Fair Labor Standards Act fails to state a claim upon which relief may be granted.

## TENTH DEFENSE

Because she has alleged that she was defendants' domestic servant, plaintiff's claim for overtime wages under the Federal Fair Labor Standards Act fails to state a claim upon which relief may be granted.

## ELEVENTH DEFENSE

Because she received the equivalent of minimum wage in cash, room, board and benefits, plaintiff's minimum wage claim under the Federal and Kentucky Fair Labor Standards Act fails to state a claim upon which relief may be granted.

## TWELFTH DEFENSE

Defendants reserves the right to assert any and all affirmative defenses not now known to it, but which may become available during the course of discovery.

**WHEREFORE**, the defendants demand:

1. Dismissal of the complaint in its entirely with prejudice;

2. Recovery of all fees and costs expended herein;

3. Reservation of rights to assert counterclaims, cross claims or third party claims;

4. Trial by jury on all issues so triable; and,

and all other relief to which it is entitled.

_____
J. David Boswell
BOSWELL SIMS & VASSEUR, PLLC
425 South Sixth Street
Paducah, KY 42002-1265
Telephone: (270) 442-9237

**Douglass Farnsley**
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400

CO-COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 18th day of March, 2005, true copies of foregoing answer were served by first-class mail upon Colin H. Lindsay, Esq., Dinsmore & Shohl, LLP, 500 West Jefferson Street, 1400 PNC Plaza, Louisville, Kentucky 40202.

_____
Douglass Farnsley