FILED
JEFFREY A. APPERSON, CLERK
JUL - 7 2006
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| CELEDONIA CRUZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 5:04CV231-R |
| ELMER A. TOLIVER, ) | |
| ) | |
| and ) | |
| ) | |
| GENEVIEVE A. TOLIVER ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S PRETRIAL BRIEF

Plaintiff, Celedonia Cruz, by counsel, and pursuant to the Court's July 5, 2006 Order, hereby tenders her pretrial brief.

## STATEMENT OF THE FACTS

This action arises from the Defendants' trafficking Ms. Cruz into forced labor in their home as a domestic servant for more than three years in Paducah, Kentucky. Defendants are a married couple with three children. Dr. Toliver is an emergency room physician. Mrs. Toliver does not work outside the home. The Plaintiff, Ms. Cruz, is a widow in her 60's.

Through the use of a human-trafficking network, the Defendants arranged to have Ms. Cruz transported from her home in the Philippines to their home in Paducah for the purpose of becoming their domestic servant. (Complaint ¶9.) Defendants paid a member of the network in consideration for the network acting as the Defendants' agent and recruiting and transporting Ms. Cruz to their home. (*Id.*) Defendants had previously decided that they would only hire a woman from the Philippines for this job. Through their agent, Clarita Gonzalez (a/k/a "Entang"), Defendants falsely

promised Ms. Cruz that she would be paid five hundred dollars ($500) per month to be a domestic servant for Defendants and their two children. (Complaint ¶10.) In reliance on Defendants' false promises, Ms. Cruz traveled to the United States and arrived in Paducah on or about June 15, 2001. (Complaint ¶11.)

The Defendants never paid Ms. Cruz the $500 per month she was promised. Rather, Defendants initially paid Ms. Cruz $250 per month (later increasing it to $300), and deducted from that amount "expenses" incurred as the result of Ms. Cruz living in their home. (Complaint ¶¶12, 17.) In exchange for her wages, Ms. Cruz was illegally coerced into working approximately 18 hours per day, seven days a week, 52 weeks per year. (Complaint ¶14.)

Defendants and their extended family coerced Ms. Cruz to remain in this condition of involuntary servitude through statements and actions intended to cause Ms. Cruz to believe that she would be harmed if she left the Defendants' employment. (Complaint ¶21.) Defendants' scheme involved refusing Ms. Cruz access to her own passport, telling Ms. Cruz she would be arrested if she left the house, threatening to accuse Ms. Cruz of stealing if she ever left the Defendants' employment, telling Ms. Cruz she could not leave the Defendants' employment for at least five years until she paid off the money Defendants paid to the human-trafficking network, and isolating Ms. Cruz from the outside world by limiting her access to neighbors and the telephone, and monitoring her telephone conversations. (Complaint ¶18.) Moreover, in a deliberate effort to exacerbate Ms. Cruz's isolation and economic dependence, Defendants refused to pay Ms. Cruz directly and wired her wages directly to the Philippines, leaving Ms. Cruz without any financial resources whatsoever. (Complaint ¶17.)

As a result of Defendants' illegal, coercive acts, Ms. Cruz remained in a condition of involuntary servitude for over three years in the Defendants' house. Ms. Cruz was eventually able

to escape with the help of a neighbor in September of 2004, and filed this action on or about December 4, 2004.

## QUESTIONS OF FACT

1. Was Clarita Gonzalez an agent of the Defendants?

2. Did the Defendants, via Clarita Gonzalez, offer to employ Ms. Cruz as a domestic servant in their home for $500 per month?

3. Did Ms. Cruz accept the Defendants offer of employment?

4. Did the Defendants arrange for Ms. Cruz to travel to their home to work as a domestic servant?

5. Did the Defendants target Ms. Cruz in part because of her gender, age or ethnicity?

6. Did Ms. Cruz work for the Defendants?

7. Did the Defendants make statements or take actions to coerce Ms. Cruz to remain working in their home?

8. Did the Defendants make statements or take actions intended to cause Ms. Cruz severe emotional distress?

9. Did Ms. Cruz suffer severe emotional distress?

10. Did the Defendants confiscate Ms. Cruz's passport?

## QUESTIONS OF LAW

1. Was Ms. Cruz employed as a domestic servant by the Defendants? 29 U.S.C. §§ 203, 206(f).

2. Did the Defendants subject Ms. Cruz to forced labor? 18 U.S.C. § 1589.

3. Was Ms. Cruz trafficked into forced labor by the Defendants? 18 U.S.C. § 1590.

4. Did the Defendants hold Ms. Cruz in a state of involuntary servitude? XIII Amendment, United States Constitution; 42 U.S.C. § 1985(3); and *Spectronics Corporation v. TCI/TKR of Jefferson County, Inc. d/b/a TKR of Greater Louisville*, 17 F. Supp 2d 669, 670 (W.D. Ky. 1998) (*citing Johnson v. Hills and Dales General Hospital*, 40 F.3d 837, 839 (6th Cir. 1994)).

5. Did the Defendants intentionally cause Ms. Cruz severe emotional distress? *Pennington v. Dollar Tree Stores, Inc.*, 104 F. Supp 2d 710, 715 (E.D. Ky. 2000) (*quoting Gilbert v. Barkes*, 987 S.W.2d 772, 777 (Ky. 1999)).

6. Did the Defendants fraudulently obtain Ms. Cruz's services as a domestic servant? *UPS v. Rickert*, 996 S.W.2d 464 (Ky. 1999).

7. Did the Defendants wrongfully convert Ms. Cruz's passport? *Davis v. Siemens Med. Solutions, USA, Inc.*, 399 F. Supp 2d 785 (W.D. Ky. 2005).

8. Did the Defendants breach their employment contract with Ms. Cruz? *Cantrell Supply, Inc. v. Liberty Mutual Insurance Co.*, 94 S.W.3d 381, 384 (Ky. Ct. App. 2002).

9. Were the Defendants' actions willful, wanton or malicious? *Gillham v. Admiral Corp.*, 523 F.2d 102 (6th Cir. 1975).

Respectfully submitted,

DINSMORE & SHOHL LLP
Colin H. Lindsay
Holly C. Wallace

1400 PNC Plaza
500 W. Jefferson Street
Louisville, Kentucky  40202
(502) 540-2300
(502) 585-2207 (fax)
**Counsel for Celedonia Cruz**

## **CERTIFICATE OF SERVICE**

      I hereby certify a true and accurate copy of the foregoing was served via Federal Express, sufficient postage prepaid, this ____ day of July, 2006 upon the following:

Elmer Toliver
430 Victoria Station
Ft. Wayne, IN  46814

Elmer Toliver
831 Aspen Way
Paducah, Kentucky  42003

Elmer Toliver
C/O Dr. Manuel Ascano
2005 Park Avenue West
Princeton, Illinois 61356

Genevieve Toliver
831 Aspen Way
Paducah, Kentucky  42003

Genevieve Toliver
C/O Dr. Manuel Ascano
2005 Park Avenue West
Princeton, Illinois 61356

_____
*Counsel for Plaintiff*

111634