**JURY INSTRUCTIONS**

*Filed
In Open Court
7-20-06*

*& Verdict*

Cruz

v.

Toliver

United States District Court
Western District of Kentucky
Paducah Division
5:04cv231-R

## INSTRUCTION NO. 1

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every civil case.  Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror.  The first is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proven their case against the Defendants by a preponderance of the evidence.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

INSTRUCTION NO. 2

Your answer to any question must be unanimous.  That is, all seven (7) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

INSTRUCTION NO. 3

You should use your common sense in weighing the evidence.  Consider it in light of

your everyday experience with people and events, and give it whatever weight you believe it

deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you

are free to establish that conclusion.

## INSTRUCTION NO. 4

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it all. But you should act reasonably and carefully in making these decisions.

You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

INSTRUCTION NO. 5

Some of you have taken notes during the trial.  An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence.  Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance.  Jurors should not be influenced by another juror's notes.

INSTRUCTION NO. 6

Plaintiff Celedonia Cruz has the burden of proving each and every element of her

respective claims by a preponderance of the evidence.  If you find that she has not proved any

one of the elements by a preponderance of the evidence, you must return a verdict on that

particular claim for the Defendants, Elmer and Genevieve Toliver.

A preponderance of the evidence is established if you are persuaded a fact is more

probably true than not.  In other words, think of an ordinary balance scale, with a pan on each

side.  Onto one side of the scale, place all the believable evidence favorable to Plaintiff.  On the

other side, place all of the believable evidence favorable to the Defendants.

Because the Plaintiff must prove her case, the Plaintiff may recover against the

Defendants only if she tips the scale in her favor.  If you conclude that the evidence is equally

balanced or that it favors the Defendants, you must decide in favor of the Defendants.

INSTRUCTION NO. 7

**Violation of 18 U.S.C. §1589 Forced Labor**

The Plaintiff, Celedonia Cruz, claims that the Defendants, Elmer and Genevieve Toliver,

held her in forced labor in violation of 18 U.S.C. §1589. It is against federal law to hold another

person in forced labor against her will. For you to find for the Plaintiff, you must be convinced

that the Plaintiff has proved each of the following elements by a preponderance of the evidence:

That the Defendants knowingly held Celedonia Cruz for a period of time in forced labor

or service by:

a) threats of serious harm to, or physical restraint against, that person or another

person; OR

b) means of any scheme, plan, or pattern intended to cause the person to believe that, if

the person did not perform such labor or services, that person or another person would suffer

serious harm or physical restraint; OR

c) means of the abuse or threatened abuse of law or the legal process.


Do you believe from the evidence that the Defendant, Elmer Toliver, violated 18 U.S.C.

§1589 as set forth in this Instruction?

YES_____          NO_____✓_____

FOREPERSON _Julie A Dayton_   DATE_7-20-06_

Do you believe from the evidence that the Defendant, Genevieve Toliver, violated 18 U.S.C. §1589 as set forth in this Instruction?

YES_____          NO_____✓_____

FOREPERSON _Julie a Taylor_   DATE_7-20-06_

If you answer "YES" to either of these questions, please proceed to Special Interrogatory No. 1 on the next page. If you answer "NO," please skip Special Interrogatory No. 1 and 2, and Instruction No. 8 , and please proceed to Instruction No. 9 .

Special Interrogatory No. |

**Damages - Forced Labor in Violation of 18 U.S.C. §1589**

If you have found for the Plaintiff, Celedonia Cruz, against either of the Defendants,

Elmer & Genevieve Toliver, on Ms. Cruz's forced labor claim, you will compensate the Plaintiff

for the damages you believe Ms. Cruz has experienced as a direct result of the violation of 18

U.S.C. §1589 as set forth in Instruction No. 7. This statute became law on December 19, 2003.

If you find for the Plaintiff under this statute, any damages you award may not include any

damages that occurred prior to **December 19, 2003**.

An award, if any, is an amount that will fairly and reasonably compensate the Plaintiff for

the damages she has suffered. There is no exact standard for fixing compensation to be awarded

on account of such elements of damage. Any such award should be fair and just in light of the

evidence.

We the jury, award damages to the Plaintiff, Celedonia Cruz, for the violation of 18

U.S.C. §1589 as set forth in Instruction No. 7:

Mental and physical pain and suffering the Plaintiff has suffered from December 19, 2003

to date, and any such damages she is more likely than not to suffer in the future:

$_____

FOREPERSON_____ DATE_____

INSTRUCTION NO. 8

**Violation of 18 U.S.C. §1590 - Trafficking with respect to Forced Labor**

The Plaintiff, Celedonia Cruz, claims that the Defendants, Elmer and Genevieve Toliver, trafficked her into forced labor in violation of 18 U.S.C. §1590.  If you believe that the Plaintiff has proved by a preponderance of the evidence that the Defendants:

knowingly recruited the Plaintiff, harbored, transported, provided or obtained, by any means, the forced labor of the Plaintiff,

you will find for the Plaintiff against the Defendants.  Otherwise, you will find for the Defendants.

Do you believe from the evidence that the Defendant,  Elmer Toliver, violated 18 U.S.C. §1590 as set forth in this Instruction?

YES_____          NO_____✓_____

FOREPERSON _Julie a Taylor_   DATE _7-20-06_

Do you believe from the evidence that the Defendant, Genevieve Toliver, violated 18 U.S.C. §1590 as set forth in this Instruction?

YES_____✓_____          NO_____

FOREPERSON _Julie a Taylor_ DATE _7-20-06_

If you answer "YES" to either of these questions, please proceed to Special Interrogatory

No. 2 on the next page.  If you answer "NO," please skip Special Interrogatory No. 2, and

proceed to Instruction No. 9.

Special Interrogatory No. 2

**Damages - Trafficking into Forced Labor in Violation of 18 U.S.C. §1590**

If you have found for the Plaintiff, Celedonia Cruz, against either of the Defendants,

Elmer & Genevieve Toliver, on Ms. Cruz's trafficking into forced labor claim, you will

compensate the Plaintiff for the damages you believe Ms. Cruz has experienced as a direct result

of the violation of 18 U.S.C. §1590. This statute became law on December 19, 2003. If you find

for the Plaintiff under this statute, any damages you award may not include any damages that

occurred prior to **December 19, 2003**.

An award, if any, is an amount that will fairly and reasonably compensate the Plaintiff for

the damages the she has suffered. There is no exact standard for fixing compensation to be

awarded on account of such elements of damage. Any such award should be fair and just in light

of the evidence.


We the jury, award damages to the Plaintiff, Celedonia Cruz, for the violation of 18

U.S.C. §1590 as set forth in Instruction No. 8:

Mental and physical pain and suffering the Plaintiff has suffered from December 19, 2003

to date, and any such damages she is more likely than not to suffer in the future:

$ ___Ø___

FOREPERSON _Julie a Daylor_   DATE _7-20-06_

## INSTRUCTION NO. 9

**Intentional Infliction of Emotional Distress**

The Plaintiff has asserted a claim against the Defendants, Elmer and Genevieve Toliver, for intentional infliction of emotional distress.  In order to find for the Plaintiff, Celedonia Cruz, on her claim of intentional infliction of emotional distress, the Plaintiff must show by a preponderance of the evidence all of the following:

1) The conduct of the Defendants, Elmer and/or Genevieve Toliver, was extreme and outrageous;

2) The conduct was intentional or reckless and intended by the Defendants to cause emotional distress; and

3) That the Plaintiff suffered severe emotional distress as a result of the conduct by a Defendant.

Do you believe from the evidence that the Defendant, Elmer Toliver, subjected the Plaintiff to an intentional infliction of emotional distress as set forth in this Instruction?

YES_____          NO___✓_____

FOREPERSON _Julie a Taylor_ DATE_7-20-06_

Do you believe from the evidence that the Defendant, Genevieve Toliver, subjected the Plaintiff to an intentional infliction of emotional distress as set forth in this Instruction?

No  ___✓_____

FOREPERSON _Julie A Taylor_   DATE _7- 20- 06_

If you answer "YES" to either of these questions, please proceed to Special Interrogatory

No. 3 on the next page.  If you answer "NO," please skip Special Interrogatory No. 3, and

proceed to Instruction No. 10.

Special Interrogatory No. 3

**Damages - Intentional Infliction of Emotional Distress**

If you have found for the Plaintiff, Celedonia Cruz, against either Defendant, under

Instruction No. 9, on Ms. Cruz's intentional infliction of emotional distress claim, you will

determine the amount of damages that will fairly and reasonably compensate the Plaintiff for her

damages between the dates of **June 15, 2001** through **December 18, 2003**.  Your award must **not**

include any damages the Plaintiff may have suffered after **December 18, 2003**.


We the jury, award the Plaintiff, Celedonia Cruz, damages for her intentional infliction of

emotional distress claim, as set forth in Instruction No. 9, in the amount of:

$_____


FOREPERSON_____   DATE_____

INSTRUCTION NO. 10

**Breach of an Oral Contract**

The Plaintiff, Celedonia Cruz, has alleged a claim against the Defendants, Elmer and Genevieve Toliver, for breach of an oral contract.  The Plaintiff must show by a preponderance of the evidence all of the following:

1) The Defendants, or an agent authorized to do so by the Defendants, offered to pay Ms. Cruz a set salary per month to work as a domestic servant in their home;

2) Ms. Cruz accepted their offer to work for that set amount per month as a domestic servant in the Defendants' home; and

3) the Defendants failed to pay Ms. Cruz as agreed.

Do you believe from the evidence that the Defendant, Elmer Toliver, breached an oral contract with the Plaintiff as set forth in this Instruction?

YES_____          NO____✓_____

FOREPERSON _Julie A Taylor_ DATE _7-20-06_

Do you believe from the evidence that the Defendant, Genevieve Toliver, breached an oral contract with the Plaintiff as set forth in this Instruction?

YES____✓_____          NO_____

FOREPERSON _Julie A Taylor_   DATE _7-20-06_

If you answer "YES" to either of these questions, please proceed to Special Interrogatory No. 4, only, after you answer Instruction No 11.  If you answer "NO," please proceed to Instruction No. 11

INSTRUCTION NO. 11

**Fraud**

The Plaintiff has asserted a claim for fraud against the Defendants, Elmer and Genevieve Toliver.

In order for the Plaintiff to prove her claim for fraud, she must demonstrate by a preponderance of the evidence all of the following six (6) elements:

1) That the Defendants, Elmer and Genevieve Toliver,  or an agent authorized to do so by the Defendants, represented to the Plaintiff, Celedonia Cruz, that if she worked for the Defendants for a set period as a domestic servant for the Defendants and their children, she would be paid a monthly salary, and would not owe any money for the airline ticket;

2) That the representation was false;

3) That the representation was known by the Defendants to be false when it was made or that the Defendants made the representation recklessly and without regard to its truth or falsity;

4) That the Plaintiff relied on the representation and was deceived by it;

5) That the Plaintiff acted with ordinary prudence in relying on the representation; and

6) That the false representation was the proximate cause of the injury to the Plaintiff.


An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.


Do you believe from the evidence that the Defendant, Elmer Toliver, subjected the

Plaintiff to fraud as set forth in this Instruction?

YES_____          NO_____✓_____

FOREPERSON _Julie A Taylor_          DATE_7-20-06_____

Do you believe from the evidence that the Defendant, Genevieve Toliver, subjected the Plaintiff to fraud as set forth in this Instruction?

YES_____✓_____          NO_____

FOREPERSON_Julie A Taylor_          DATE _7-20-06_____

If you answer "YES" to either of these questions, please proceed to Special Interrogatory No. 4 on the next page.  If you answer "NO," please skip Special Interrogatory No. 4 and proceed to Instruction No.12, only if you answered "NO" to both questions under Instruction No. 10.

Special Interrogatory No. 4

**Damages - Breach of an Oral Contract and Fraud Claims**

If you answer "YES" to Instruction No.10 and/or Instruction No.11 , you must determine a

sum that will fairly and reasonably compensate the Plaintiff.  The measure of damages is the

same for both claims.  Ms. Cruz is entitled to recover for the difference between what she would

have earned as you find from the evidence was agreed to, and what she was actually paid.


We the jury, award the Plaintiff, Celedonia Cruz, damages for her breach of an oral

contract claim and/or fraud claim, as set forth in Instruction No.10 and/or 11, in the amount of :

$ 10,000

FOREPERSON Julie a Taylor   DATE   7-20-06

INSTRUCTION NO. 12

**Conversion**

The Plaintiff, Celedonia Cruz, has asserted a claim for conversion of her passport against the Defendants, Elmer and Genevieve Toliver.  If you find by a preponderance of the evidence that:

    1) the Plaintiff had ownership rights to her passport;

    2) the Defendants wrongfully obtained or disposed of the passport; and

    3) the Plaintiff suffered damages as a result of the Defendants' conduct,

then you will find for the Plaintiff against the Defendants.  Otherwise you will find for the Defendants.

Do you believe from the evidence that the Defendant, Elmer Toliver, committed conversion as set forth in this Instruction?

YES_____✓_____            NO_____

FOREPERSON _Julie a Taylor_   DATE__7-20-06___

Do you believe from the evidence that the Defendant, Genevieve Toliver, committed conversion as set forth in this Instruction?

YES_____            NO_____✓_____

FOREPERSON _Julie a Taylor_   DATE__7-20-06___

If you answer "YES" to either of these questions, please proceed to Special Interrogatory No. 5 on the next page. If you answer "NO," please skip Special Interrogatory No.5, and proceed to Instruction No.13.

Special Interrogatory No. 5

**Damages - Conversion Claim**

If you find for the Plaintiff, Celedonia Cruz, against either Defendant, under Instruction No. 12, you will award a sum of money that equals the fair market value of her passport at the time of conversion, not to exceed the total amount of $114.00.

We the jury, award the Plaintiff, Celedonia Cruz, damages for her conversion claim, as set forth in Instruction No. 12, in the amount of:

$ *114.00*

FOREPERSON *Julie A Taylor*      DATE *7-20-06*

INSTRUCTION NO. 13

**Violation of the Fair Labor Standards Act, 29 U.S.C. §§201, 203, and 216(b)**

The Plaintiff, Celedonia Cruz, claims that the Defendants, Elmer and Genevieve Toliver, violated the Fair Labor Standards Act - the federal law that provides for the payment of unpaid minimum wages. The Plaintiff claims the Defendants did not pay her minimum wage as required by law.

The Fair Labor Standards Act requires that the minimum wage to be paid during the period of time involved in the case is $5.15 per hour.

To receive minimum wage compensation under the Fair Labor Standards Act, the Plaintiff must prove the following three (3) elements by a preponderance of the evidence:

1. That the Plaintiff, Celedonia Cruz, was employed by the Defendants, Elmer and Genevieve Toliver, as a domestic servant, during the time involved;

2. That the claimed minimum wage work performed by the Plaintiff was done necessarily and primarily for the benefit of the Defendants; and

3. That the Defendants failed to pay the Plaintiff the minimum wage compensation required by law.


If, after considering all the evidence, you find that a Plaintiff has failed to prove one or more elements of her claim, your verdict must be in favor of the Defendants with regard to that claim.

If, however, you find that the Plaintiff has proven her claim, then you must consider the question of damages for which the Plaintiff is entitled to recover.

Do you believe from the evidence that the Defendant, Elmer Toliver, violated the Fair Labor Standards Act by not paying minimum wages to the Plaintiff, Celedonia Cruz, as set forth in this Instruction?

YES_____✓_____          NO_____

FOREPERSON _Julie A Daylor_ DATE _7-20-06_

Do you believe from the evidence that the Defendant, Genevieve Toliver, violated the Fair Labor Standards Act by not paying minimum wages to the Plaintiff, Celedonia Cruz, as set forth in this Instruction?

YES_____✓_____          NO_____

FOREPERSON _Julie A Daylor_ DATE_7-20-α_



If you answer "YES" to either of these questions, please proceed to Special Interrogatory No. 6 on the next page.  If you answer "NO," please skip Special Interrogatory No. 6, and proceed to Instruction No. 14.

Special Interrogatory No. 6

**Willful Violation**

If you have found for the Plaintiff, Celedonia Cruz, against the Defendants, Elmer and

Genevieve Toliver, on Ms. Cruz's claim for failure to pay minimum wage under the Fair Labor

Standards Act as described in Instruction No. 13, you must determine whether or not the

Defendants acted willfully.  Your award of damages to the Plaintiff will depend on whether or

not you determine that the actions of the Defendants were willful or not.

If either Elmer or Genevieve Toliver, or both, knew or showed reckless disregard for the

fact that his or her conduct was prohibited by the Fair Labor Standards Act, then the conduct was

willful.

If the Defendant did not know, or knew only that the law was potentially applicable, and

did not act in reckless disregard as to whether his or her conduct was prohibited by the law, even

if he or she acted negligently, then their conduct was not willful.

Do you find that the Defendant, Elmer Toliver, acted willfully, as set forth in this Special

Interrogatory?

YES_____✓_____          NO_____


FOREPERSON_Julie A Taylor_ DATE_7-20-06_


Do you find that the Defendant, Genevieve Toliver, acted willfully, as set forth in this

Special Interrogatory?

YES_____✓_____          NO_____

FOREPERSON _Julie A Taylor_   DATE _7-20-06_

Please proceed to the next page.

Special Interrogatory No. 7

**Damages - Violation of the Fair Labor Standards Act**

If you have found for the Plaintiff, Celedonia Cruz, against either of the Defendants, on

Ms. Cruz's claim for failure to pay minimum wage as described in Instruction No. 13, you will

determine the number of hours the Plaintiff actually worked from:

1) September 19, 2001 through September 18, 2002, AND

2) September 19, 2002 through September 19, 2004.

We the jury, find that the Plaintiff, Celedonia Cruz, worked the following number of

hours between **September 19, 2001 through September 18, 2002:**

_3,120_ Hours

_____                    _7-20-06_
FOREPERSON                                        DATE

We the jury, find that the Plaintiff, Celedonia Cruz, worked the following number of

hours between **September 19, 2002 through September 19, 2004:**

_6,240_ Hours

_____                    _7-20-06_
FOREPERSON                                        DATE

INSTRUCTION NO. 14

**Punitive Damages**

In addition to compensatory damages you may have awarded the Plaintiff, Ms. Cruz also requests punitive damages against the Defendants.

If you find for the Plaintiff against the Defendants under:

1. Instruction No. 7, Violation of 18 U.S.C. §1589; or

2. Instruction No. 8, Violation of 18 U.S.C. §1590; or

3. Instruction No. 9, Intentional Infliction of Emotional Distress; or

4. Instruction No. 11, Fraud; or

5. Instruction No. 12, Conversion,

and, if you awarded damages to the Plaintiff against either Defendant for any of these claims, then you may consider the Plaintiff's claim for punitive damages against the Defendant you find against on any of those claims.

However, to award any punitive damages, you must be further satisfied from the evidence that Elmer Toliver or Genevieve Toliver acted in reckless disregard for the lives, safety, or property of others, including Ms. Cruz, or with fraud or oppression.

"Fraud," as used in this Instruction, means an intentional misrepresentation, deceit or concealment of material fact known to the Defendants and made with the intention of causing injury to the Plaintiff.

"Oppression" means conduct that was specifically intended by the Defendants to subject the Plaintiff to cruel and unjust hardship.

You may use your discretion in making an award of punitive damages. Your discretion to determine and award an amount, if any, of punitive damages is limited to the following factors:

a) the harm to the Plaintiff as measured by the damages you may have awarded under Special Interrogatory No. 7, 8, 9, 11 or 12; AND

b) the degree, if any, to which you have found from the evidence that either of the Defendants' conduct toward the Plaintiff, was reprehensible, considering:

i) the following five (5) factors:

a) the likelihood at the time of such misconduct by the Defendants that serious harm would arise from it;

b) the degree of the Defendants' awareness of that likelihood;

c) the profitability of the misconduct to the Defendants;

d) the duration of the misconduct; AND

e) the actions by the Defendants to remedy the misconduct once it became known to them.

"Punitive damages" are damages awarded against either of the Defendants for punishing the Defendants for his or her misconduct in this case and deterring the Defendants and others from engaging in similar conduct in the future.

If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

If you award punitive damages, you will state the amount separately from the sum or sums awarded under Special Interrogatory No. 7, 8, 9, 11 or 12.

We the jury, find for the Plaintiff on her claim for punitive damages against the Defendant, Elmer Toliver, as set forth in this Instruction:

YES_____✓_____               NO_____

We the jury, find for the Plaintiff on her claim for punitive damages against the

Defendant, Genevieve Toliver, as set forth in this Instruction:

YES_____✓_____          NO_____

_Julie a Taylor_                    _7-20-06_

FOREPERSON                        DATE


If you answer "YES" to either of these questions, please proceed to Special Interrogatory

No. 8 on the next page.  If you answer "NO," please skip Special Interrogatory No. 8, and

proceed to Instruction No. 15.

Special Interrogatory No. 8

We the jury, award punitive damages to the Plaintiff, against the Defendant, Elmer

Toliver, as set forth in Instruction No. 14, in the amount of:

$ 5,000.00

_____          _____
FOREPERSON                                      DATE
                                                        7-20-06


We the jury, award punitive damages to the Plaintiff, against the Defendant, Genevieve

Toliver, as set forth in Instruction No. 14, in the amount of:

$ 5,000.00

_____          _____
FOREPERSON                                      DATE
                                                        7-20-06

INSTRUCTION NO. 15

Upon retiring to the jury room, you will select one of you to act as your foreperson.  The

foreperson will preside over your deliberations and will be your spokesperson here in Court.

You will take these instructions to the jury room, and when you have reached a unanimous

agreement, you will have your foreperson fill in, date and sign your answers.

INSTRUCTION NO. 16

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone outside the jury room how you stand on your votes.  That should stay secret until you are finished.

INSTRUCTION NO. 17

One last Instruction.  You should not consider my rulings to reflect how I feel about the

case.  Any statements I have made were not intended nor should they be taken as indicating what

your verdict should be in this case – that is solely your decision