UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
5:04CV-231-R

CELEDONIA CRUZ
PLAINTIFF

v.

ELMER A. TOLIVER

and

GENEVIEVE A. TOLIVER                                                                    DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on the Plaintiff's Motion to Amend the Judgment (Docket #70). The Defendants, Elmer and Genevieve Toliver ("Tolivers") have responded (Docket #72), and the Plaintiff, Celedonia Cruz ("Cruz") has replied to that response (Docket #77). This matter is now ripe for adjudication. For the following reasons, the Plaintiff's Motion to Amend the Judgment is **GRANTED**.

## PROCEDURAL BACKGROUND

On July 26, 2006, this Court entered a judgment for the Plaintiff awarding her $48.204.00 after a jury had found that the Defendants had willfully violated provisions of the Fair Labor Standards Act ("FLSA"). In the judgment, the Court did not include liquidated damages. The Plaintiff has filed a motion requesting that the Court amend its judgment to include those damages.

## STANDARD

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening

change in controlling law or to prevent manifest injustice." *GenCorp v. American International*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted).   "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp*, 178 F.3d at 834.  A FRCP 59(e) motion to alter does not provide the Plaintiff another opportunity to argue the merits of their case. *GenCorp* at 834.

Federal Rule of Civil Procedure 60(a) provides, in relevant part, that "'[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party...' Fed.R.Civ.P. 60(a).  A good number of legal authorities offer guidance on the application of Rule 60(a). The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission. 11 C. Wright & A. Miller, Federal Practice and Procedure § 2854, at 240 (2d ed.1995). Clerical mistakes include those made by judges as well as ministerial employees. *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir.1987)." *Pruzinsky v. Gianetti*, 282 F.3d 434, 440 (6th Cir. 2002).

## DISCUSSION

The FLSA, under 29 U.S.C. §216(b), states in pertinent part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

However, §260 of the FLSA provides:

> In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.], if

2

> the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

The Sixth Circuit Court of Appeals, in *Elwell v. University Hospitals Home Care Services*, interpreted these statutes as applied to liquidated damages, stating that "[a] district court... has the discretion not to award liquidated damages to a prevailing plaintiff if 'the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938.' 29 U.S.C. § 260 (1998); *see also Herman v. Palo Group Foster Home*, 183 F.3d 468, 474 (6th Cir.1999)." *Elwell v. University Hospitals Home Care Services*, 276 F.3d 832, 840 (6th Cir. 2002).

However, later in the opinion, the Court noted in dicta that "[a]lthough a jury verdict finding that the employer acted willfully forecloses the possibility of finding that the employer acted in good faith...the reverse is not necessarily true." *Elwell*, 276 F.3d at 842, n.5. In making this note, the Court in *Elwell* cited the previous Sixth Circuit decision of *Herman v. Palo Group Foster Home, Inc.*, where the Court held "[a]bsent a good-faith disagreement with the authority of the government to promulgate the statute, a finding of willfulness is dispositive of the liquidated-damages issue." *Herman v. Palo Group Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999). In *Herman*, the Court determined that the district court had properly awarded liquidated damages after the jury had found that the violations committed by the defendant were willful. *Id.* at 474.

In the instant matter, the jury determined that both Defendants had committed willful

violations of the FLSA.  In addition, the jury found that Cruz was entitled to receive $48,204.00 from the Tolivers for their failure to pay Cruz minimum wage for the hours she worked for them.  As such, the Plaintiff is entitled to an additional $48,204.00 for liquidated damages.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Amend is **GRANTED**.

An appropriate order shall issue.