UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
5:04CV-231-R

CELEDONIA CRUZ
PLAINTIFF

v.

ELMER A. TOLIVER

and

GENEVIEVE A. TOLIVER                                         DEFENDANTS

## OPINION & ORDER

This matter comes before the Court on the Plaintiff's Motion for Costs and Attorney Fees
(Docket #71).  The Defendants, Elmer & Genevieve Toliver ("Tolivers") have responded
(Docket #72), and the Plaintiff, Ms. Celedonia Cruz ("Ms. Cruz") has replied to that response
(Docket #78).  This matter is now ripe for adjudication.  For the following reasons, the Plaintiff's
motion for costs and attorney fees is **GRANTED in part** and **DENIED in part**.

## PROCEDURAL HISTORY

On July 20, 2006, a jury found that the Defendants willfully violated the Fair Labor
Standards Act ("FLSA"), 29 U.S.C. §§201, 203, and 216(b) (awarded the Plaintiff a sum of
$48,204.00); that the Defendant, Dr. Elmer Toliver, improperly converted the passport of Ms.
Cruz (awarded the Plaintiff $114.00) and also awarded the Plaintiff $5,000.00 in punitive
damages against Dr. Toliver; and that the Defendant, Mrs. Genevieve Toliver ("Mrs. Toliver")
breached her contract and committed fraud against the Plaintiff (awarded the Plaintiff
$10,000.00) and also awarded the Plaintiff $5,000.00 in punitive damages against Mrs. Toliver.
However, the jury did not find that: the Defendants held Ms. Cruz in forced labor, in violation of

18 U.S.C. §1589; trafficked her into forced labor, in violation of 18 U.S.C. §1590; or intentionally inflict emotional distress upon her.

The Plaintiff now seek costs and attorney fees as set out by FLSA.  The Plaintiff has requested $8,366.28 in taxable costs; $11,916.44 in additional costs under FLSA; and $283,216.50 in attorney fees.[1]

## DISCUSSION

Both the United States Supreme Court and the Sixth Circuit Court of Appeals have held that "the degree of success obtained is the most important factor in determining the reasonableness of a fee award." *Kentucky Restaurant Concepts Inc.*, 117 Fed. Appx. 415, 420-21 (6th Cir. 2004) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434-36).  In *Kentucky Restaurant Concepts Inc.*, the Court applied a two-part test set out in *Hensley* to determine an "adjustment of the fee amount based on 'results obtained.'" *Id.* at 421 (quoting *Hensley* at 434-5).  Courts must first answer "whether 'the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded,' and, second, whether the level of success was such that 'the hours reasonably expended' are a 'satisfactory basis for making a fee award[.]'" *Id.* (holding that a 35% reduction for partial success was not an abuse of discretion by the district court).  Factors to consider when adjusting the requested fees include:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the *419  attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional

---

[1] The Court notes that the Plaintiff reduced its initial total for attorney fees ($303,991.50) by $20,775, contending that the subtraction constituted the hours that relate solely to the trafficking and forced labor claims.

2

relationship with the client; and (12) awards in similar cases.

*Kentucky Restaurant Concepts Inc.*, 117 Fed. Appx. at 418-19 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974)).

In *Kentucky Restaurant Concepts Inc.*, the Court, in applying the reasoning set forth by the United States Supreme Court in *Hensley*, also held that "[t]hough district courts have substantial discretion in determining the amount of an attorney fee award, it is also important that a 'concise but clear explanation of [their] reasons for the fee award' be given. *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933. 'A district court should state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why.' *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1176 (6th Cir.1990)." *Id.* at 419. Nonetheless, where a plaintiff has achieved only partial or limited success, a district court may adjust the fee downward. *Hensley*, 461 U.S. at 434-36. A district may do so "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436.

In interpreting the two (2) part test set out in *Hensley*, the Sixth Circuit Court of Appeals, in *Simmons v. Debottis*, explained:

> The first question requires the district court to determine whether "the plaintiff's claims for relief...involve a common core of facts or [are] based on related legal theories...making it difficult to divide the hours expended on a claim-by-claim basis." [*Hensley*,] 461 U.S. at 435. Absent a common core of facts or related legal theories "work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved' ... and therefore no fee may be awarded for services on the unsuccessful claim." 461 U.S. at 435 (citation omitted). Where claims are interrelated, the district court should address the second question and "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." 461 U.S. at 435.

Here, in applying the *Henley* test set out in *Kentucky Restaurant Concepts Inc.*, the Court notes that the FLSA claim and forced labor and trafficking claims involve some common core of

facts; however, the forced labor and trafficking claims also included events that took place in both the United States and the Philippines before and during the Plaintiff's employment with the Defendants that were outside of the scope of the FLSA claim.  This includes the alleged contacts and communications the Defendants made in order to obtain the employment of Ms. Cruz. While the Plaintiff did have success on her FLSA claim as well as two (2) of her state law claims, the crux of her case against the Defendants were the claims under 18 U.S.C. §1589 and 18 U.S.C. §1590, in which the Plaintiff did not prevail.

The importance of the forced labor and trafficking claims was made evident by a trip taken to the Philippines by Plaintiff's counsel in order to take the deposition of the Plaintiff's daughter and look into the veracity of the trafficking charges asserted by the Plaintiff.  For purposes of her FLSA claim, Plaintiff's counsel did not need to travel to Manila, Philippines.  In addition, the Plaintiff also brought in an expert, whose sole purpose was to describe the trafficking problems related to the Philippines, in order to bolster the Plaintiff's case regarding those claims.  Further, the Plaintiff spent a significant amount of time at trial questioning the parties and witnesses in order to prove that the Defendants violated 18 U.S.C. §1589 and 18 U.S.C. §1590.  While some of this questioning may have been indirectly related to the FLSA claim, the vast majority of this line questioning was to establish liability under those statutes.[2]

Additionally, when considering the factors set out by the Sixth Circuit in *Kentucky Restaurant Concepts Inc.*, the Court notes, from its own experience, that the claims of forced

---

[2]The Court also notes its finding during the course of the trial that the Plaintiff's claim for involuntary servitude under 42 U.S.C. §1985(3), for a violation of the Thirteenth Amendment, should not go to the jury as the Plaintiff had not demonstrated the requisite racial animus/discriminatory intent on the part of the Defendants, as mandated by the statute and case law.  The Court mentions this to support its conclusion that the claim of forced labor/servitude was the crux of the case for the Plaintiff.

labor and trafficking under 18 U.S.C. §1589 and 18 U.S.C. §1590 required more time, effort and research to address than the FLSA claim.  This disparity between the claims had to do not only with the fact that these statutes are relatively recent and there is not much case law interpreting and applying them, in contrast to FLSA law, which is more established; but also the fact that the breadth of evidence needed to prove a successful claim under 18 U.S.C. §1589 and 18 U.S.C. §1590 in this matter was much greater than the FLSA claim.  The Plaintiff's counsel not only had to conduct discovery here in the United States, but also had to go abroad to take discovery in order to submit the claim under those statutes.  These facts demonstrate both the effort taken by the Plaintiff in bringing these claims before the Court, as well as the importance of these claims to the Plaintiff.

Accordingly, the Court finds that while the Plaintiff did have limited success in this matter when she recovered under FLSA and the two (2) state law claims, her award of attorney fees should be reduced to reflect a more accurate measurement of success.  Therefore, the Court finds that the Plaintiff's fees should be reduced by a factor of fifty percent (50%) or a deduction of $151,995.75, for a total recovery of **$151,995.75** ($303,991.50 - $151,995.75) in attorney fees.

In addition, the Court finds that the costs incurred by Plaintiff's counsel for the trip to the Philippines is not recoverable under FLSA.  As such, of the $11,916.44 requested by the Plaintiff, the Court shall reduce that amount by $3,367.27, which represents the cost of the deposition in Manila; lodging in Manila; and the cost of airfare to Manila.  Accordingly, the Plaintiff shall receive **$8549.17** of recoverable costs under FLSA.

Lastly, the Court finds that the **$8,366.28** in taxable costs is reasonable.

**CONCLUSION**

**IT IS SO ORDERED:**

The Plaintiff's Motion for Costs and Attorney Fees is **GRANTED in part** and **DENIED in part**.  For their representation of the Plaintiff Celedonia Cruz, the Plaintiff's counselors are entitled to $151,995.75 in attorney fees; $8549.17 of recoverable costs under FLSA; and $8,366.28 in taxable costs, for a total of **$168,911.20** in fees and costs.  This is a final and appealable order.