**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 06-6113

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
OCT 31 2007
LEONARD GREEN, Clerk

CELDONIA CRUZ, )
            )
  Plaintiff-Appellee, )
            )   5:04-CV-231-R
v.          )
            )   ON APPEAL FROM THE UNITED
            )   STATES DISTRICT COURT FOR
ELMER A. TOLIVER; GENEVIE A. )   THE WESTERN DISTRICT OF
TOLIVER,    )   KENTUCKY
            )
  Defendants-Appellants. )

O R D E R

Before: DAUGHTREY and GILMAN, Circuit Judges; EDMUNDS, District Judge.[*]

The defendants are Kentucky residents who appeal, pro se, a jury verdict for the plaintiff in this civil action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Plaintiff, Celdonia Cruz, is a citizen of the Philippines. She claimed below that the defendants, Elmer A. Toliver and Genevie A. Toliver ("the Tolivers"), paid an agent named "Enpang" $8,000 to recruit her to come to the United States to work as a maid, promising Cruz that she would be paid $500 per month to be a maid for the Tolivers and their two children. In fact, Cruz was paid only $250 per month. After she began working for the Tolivers, Ms. Toliver became pregnant with a third child. After the child was born, Cruz received a $50 per month raise.

Cruz alleged that she worked approximately 18 hours per day, seven days a week, for 52 weeks per year doing domestic work and even working on a farm in Illinois. To recruit Cruz to

---

[*]The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

become employed with the Tolivers, Enpang allegedly promised Cruz that after working for the Tolivers for three years, they would forgive the debt she owed for her airline ticket to the United States. Also, Enpang allegedly promised, on behalf of the Tolivers, that they would give her an unspecified bonus and an airline ticket back to the Phillippines after she worked five years. Cruz alleged that she was not given time off except to go to church, but later she was expected to go to church with the Tolivers so that she could help with the children. Cruz claims that the Tolivers sent her wages to her family in the Phillippines after deducting "expenses incurred as a result of Ms. Cruz's presence in [their] house."

In her complaint, Cruz alleged that the Tolivers kept her from leaving her employment by: (1) taking her passport and locking it up; (2) threatening to have her arrested if she left their house; (3) threatening to accuse her of theft; (4) telling her she could not leave until she had worked for them for five years; (5) limiting her contact with anyone outside the household; and (6) monitoring her telephone conversations.

In a memorandum opinion filed March 1, 2005, the district court dismissed Counts I, IV-VII, and IX. In Count I, Cruz alleged that the Tolivers' conduct constituted a violation of the Victims of Trafficking and Violence Protection Act of 2000 (22 U.S.C. § 7101, et seq.). In Counts V and VI, Cruz alleged violations of 18 U.S.C. § 1581 and § 1592, respectively. The district court dismissed Counts I, V, and VI because the above-referenced statutes do not provide a private cause of action. Cruz voluntarily dismissed Count IV, which alleged a violation of 18 U.S.C. § 1584, and Count VII, which alleged a violation of 18 U.S.C. § 241. In Count IX, Cruz claimed that she has a private cause of action for violations of the Thirteenth Amendment under 42 U.S.C. § 1985(3). The district court dismissed this claim because Cruz did not allege any racial or class-based animus.

The case proceeded to trial on Cruz's remaining claims, and a jury found that the defendants willfully violated the FLSA, 29 U.S.C. §§ 201, 203, and 216(b). The jury, however, did not find that the defendants held Cruz in forced labor, in violation of 18 U.S.C. § 1589; trafficked her into forced labor, in violation of 18 U.S.C. § 1590; or intentionally inflicted emotional distress upon her. On July 26, 2006, the district court entered a judgment for Cruz, awarding her $5,114.00 against Elmer Toliver for a claim of conversion ($114.00), and punitive damages ($5,000.00); $15,000.00 against Genevie Toliver for claims of breach of contract and fraud ($10,000.00), and punitive damages

($5,000.00); and $48,204.00 against both defendants for a willful violation of the FLSA. An amended judgment was filed on September 15, 2006, awarding Cruz an additional $48,204.00 for liquidated damages.

Arguably, the Tolivers' brief is inadequate to preserve any issue for appeal because it does not meet the standards set in Federal Rule of Appellate Procedure 28(a)(9). Despite our strong preference that claims be adjudicated on their merits, see *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), and the liberal construction the court affords pro se briefs, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "pro se parties must still brief the issues advanced and reasonably comply with the standards of Fed. R. App. P. 28." *Bouyer v. Simon*, 22 F. App'x. 611, 612 (6th Cir. 2001) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Nevertheless, we will consider the Tolivers' appeal to the extent that we are able to comprehend their claims, given the deficiencies of the brief.

To the extent that the brief may be construed as a challenge to the jury's verdict in favor of Cruz, their challenge fails. There is no evidence in the record that the Tolivers properly preserved a sufficiency-of-the-evidence issue for appeal by moving for either a new trial or a judgment notwithstanding the verdict. See *United States v. L. E. Cooke Co.*, 991 F.2d 336, 343 (6th Cir. 1993); *Dixon v. Montgomery Ward*, 783 F.2d 55, 55 (6th Cir. 1986).

To the extent the Tolivers' appellate brief may be construed as arguing that the district court abused its discretion when it granted defense counsel's motion to withdraw, that argument is also without merit. We review a district court's decision on withdrawal of counsel for an abuse of discretion. See *United States v. Chambers*, 441 F.3d 438, 446 (6th Cir. 2006). "An abuse of discretion occurs when the district court relies on clearly erroneous findings of fact, . . . improperly applies the law, . . . or . . . employs an erroneous legal standard." *Barner v. Pilkington N. Am., Inc.*, 399 F.3d 745, 748 (6th Cir. 2005) (internal citations and quotations marks omitted).

The Tolivers objected to the withdrawal of their third defense counsel, Bryan M. Cassis, and the law firm Scott P. Zoppoth, PLLC. Pursuant to Local Rule 83.6 of the Western District of Kentucky, an attorney of record may withdraw if "[t]he attorney filed a motion, certifies the motion was served on the client, makes a showing of good cause, and the Court consents to the withdrawal on whatever terms the Court chooses to impose." The only facts before the court were uncontested:

the Tolivers had failed to pay Cassis for several months and had not paid their first two attorneys. Under these circumstances, the district court was well within its discretion to grant Cassis's motion to withdraw as counsel.

To the extent the Tolivers' appellate brief may be construed as arguing that the district court erred in permitting the use of an interpreter for the direct and cross-examinations of Cruz, the argument is without merit. The district court has wide discretion in determining whether an interpreter is appropriate in a given case. *See United States v. Markarian*, 967 F.2d 1098, 1104 (6th Cir. 1992) (citation omitted). Pursuant to 28 U.S.C. § 1827(d)(1), the district court must utilize the services of a certified interpreter when a party's primary language is other than English. Here, the district court determined that Cruz's primary language is Tagalog. Given the broad discretion accorded to the district court under § 1827(d)(1), we conclude that the district court did not err when it permitted the use of an interpreter for Cruz's direct and cross examinations.

The Tolivers also appear to argue that the use of the interpreter allowed Cruz to avoid answering their questions at trial. However, they fail to identify what questions Cruz did not answer. In any event, the record reflects that Cruz answered the questions the Tolivers posed. The record also reflects that the interpreter communicated effectively with the district court and the parties. Thus, the Tolivers have failed to establish that the use of an interpreter affected their substantial rights, or seriously impaired the fairness or integrity of the judicial proceedings.

To the extent the Tolivers' appellate brief may be construed as arguing that the district court erred when it dismissed a member of the jury for communicating with one of Cruz's witnesses during trial, the argument is without merit. Upon being informed of the improper communication, the district court decided *sua sponte* to question the juror with counsel and the parties present. In response to the trial judge's inquiries, the juror gave a different account of the communication from the one reported by the witness. To avoid the appearance of impropriety, the district court excused the juror. A district court "may for good cause excuse a juror from service during trial or deliberation." Fed. R. Civ. P. 47(c). Dismissing a juror for an improper communication with a witness constitutes good cause within the meaning of Rule 47(c). Accordingly, there was no abuse of discretion in excusing the juror in this case. *See Bhat v. Univ. of Cincinnati*, 23 F. App'x 280, 289 (6th Cir. 2001).

No. 06-6113
- 5 -

To the extent the Tolivers' appellate brief may be construed as contending that they were denied due process because no Filipinos served on the jury, their argument is meritless. Jury pools must be chosen at random from a fair cross-section of the community. *See* 28 U.S.C. § 1861. To lodge an objection to the jury-selection process, a party must follow the statutory requirement established in 28 U.S.C. § 1867, which requires that an objection be made "before voir dire begins" or within seven days of discovery or seven days after the problem could have been discovered through diligence. 28 U.S.C. § 1867(c). The Tolivers failed to comply with those requirements.

We have considered the remaining arguments on appeal pertaining to evidentiary rulings and limitation on cross-examination and conclude that they are patently without merit.

For the reasons set out above, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

*[signature]*
Clerk